UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TRENT L. CHAPIN, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Cause Number: 1:06-CV-34-TS |
| ) | |
| MID-STATE MOTORS, INC., ) | |
| d/b/a Fort Wayne Acura/Subaru, and ) | |
| FORT-ROHR MOTORS, INC., ) | |
| d/b/a Fort Wayne Toyota/Lexus, ) | |
| ) | |
|     Defendants. ) | |

**COURT'S JURY INSTRUCTIONS**

    At the conclusion of all the evidence and after the closing arguments of parties' counsel, in accordance with Federal Rule of Civil Procedure 51, the Court will read to the Jury the following jury instructions, numbered 1 through 33.

                                                  s/Theresa L. Springmann
                                         JUDGE THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT

## JURY INSTRUCTION NO. 1

Members of the Jury, you have seen and heard all the evidence and the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these Instructions, even if you disagree with them. Each Instruction is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

## JURY INSTRUCTION NO. 2

These Instructions are in writing and I will send them to the jury room for your use as you deliberate upon your verdict. In these Instructions, you may not single out any certain sentence or any individual point or directive and ignore the others. Instead, you must consider all Instructions as a whole, and you must construe the Instructions in harmony with each other.

You will also be permitted to take the exhibits with you to use in your deliberations upon your verdict.

Also, it is unlikely that a written transcript will be available to you to read, as it can be difficult and time-consuming for the reporter to read back testimony.

## JURY INSTRUCTION NO. 3

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

## JURY INSTRUCTION NO. 4

During the trial, written questions by some members of the jury have been submitted to be asked of certain witnesses. Testimony answering a question submitted by a juror should be considered in the same manner as any other evidence in the case. If you submitted a question that was not asked, that is because I determined that under the rules of evidence the answer would not be admissible, just as when I sustained any objection to questions posed by counsel. You should draw no conclusion or inference from my ruling on any question, and you should not speculate about the possible answer to any question that was not asked or to which I sustained an objection

## JURY INSTRUCTION NO. 5

In this case the Defendants are corporations. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

## JURY INSTRUCTION NO. 6

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

## JURY INSTRUCTION NO. 7

Certain things are not to be considered as evidence. I will list them for you:

First, testimony and exhibits that I struck from the record, or that I told you to disregard, are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions, objections, or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection and you should not infer from my ruling that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. The purpose of these is to discuss the issues and the evidence. If the evidence, as you remember it, differs from what the lawyers said, your memory is what counts.

## JURY INSTRUCTION NO. 8

Any notes you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not your notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

## JURY INSTRUCTION NO. 9

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## JURY INSTRUCTION NO. 10

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

## JURY INSTRUCTION NO. 11

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life. In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

## JURY INSTRUCTION NO. 12

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

For example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

## JURY INSTRUCTION NO. 13

You are to decide whether each witness's testimony is truthful and accurate, in part, in whole, or not at all. You must also decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the witness's intelligence;

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

## JURY INSTRUCTION NO. 14

You may consider statements given by witnesses under oath before trial as evidence of the truth of what these witnesses said in earlier statements, as well as deciding what weight to give their testimony.

If you decide that before trial, a witness made a statement not under oath that is inconsistent with his or her testimony here in court, you may consider the earlier statement only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

## JURY INSTRUCTION NO. 15

It is proper for a lawyer to meet with any witness in preparation for trial.

**JURY INSTRUCTION NO. 16**

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

**JURY INSTRUCTION NO. 17**

The law does not require a party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require a party to present as exhibits all papers and things mentioned during this trial.

**JURY INSTRUCTION NO. 18**

You must give separate consideration to each claim and each party in this case. Although there are two defendants, it does not follow that if one is liable, the other is also liable. Likewise, it does not follow that if one is not liable, the other is also not liable.

In considering a claim against a defendant, you must not consider evidence admitted only against the other defendant or only as to other claims.

**JURY INSTRUCTION NO. 19**

When a party has the burden to prove an issue by a preponderance of the evidence, that means by a greater weight of the evidence. A greater number of witnesses testifying to a fact on one side or a greater quantity of evidence introduced on one side is not necessarily of the greater weight. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more probably true than not true.

**JURY INSTRUCTION NO. 20**

A corporation can act only through its officers, employees, or agents. Any act or omission of an officer, an employee, or an agent acting within the scope of his authority is the act or omission of the corporation.

## JURY INSTRUCTION NO. 21

Title VII makes it an unlawful employment practice to discharge an employee or otherwise discriminate against him with respect to his compensation, terms, conditions, or privileges of employment because of his race, religion, or national origin. Title VII also makes it an unlawful employment practice for an employer to discharge or otherwise discriminate against an employee with respect to his compensation, terms, conditions, or privileges of employment because the employee charged the employer for violations of Title VII.

The Plaintiff has filed two claims under Title VII of the Civil Rights Act of 1964. The claim against Defendant Fort Wayne Acura/Subaru is for discrimination on the basis of his race, religion, and national origin. The claim against Defendant Fort Wayne Toyota/Lexus is for retaliation. The Plaintiff's discrimination claim alleges that he was discharged from a Used Car Sales Manager position at Fort Wayne Acura/Subaru because of his race, religion, or national origin. The Plaintiff's retaliation claim alleges that he was either directly or constructively discharged from Fort Wayne Toyota/Lexus for filing a charge of discrimination with the Equal Employment Opportunity Commission against Fort Wayne Acura/Subaru.

Defendant Fort Wayne Acura/Subaru denies the Plaintiff's allegations and claims that the Plaintiff was terminated from the Used Car Sales Manager position because he lacked leadership and performance. Defendant Fort Wayne Toyota/Lexus denies that it retaliated against the Plaintiff for filing a charge of discrimination with the Equal Employment Opportunity Commission and claims that the Plaintiff voluntarily left his employment.

## JURY INSTRUCTION NO. 22

The relevant portions of Title VII prohibiting discrimination on the basis of race, religion, and national origin state:

> It shall be an unlawful employment practice for an employer (1) . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, . . . religion, . . . or national origin;
> . . . .
>
> [A]n unlawful employment practice is established when the complaining party demonstrates that race, . . . religion, . . . or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice.

42 U.S.C. § 2000e-2(a), (m).

The relevant portions of Title VII prohibiting retaliation for opposing unlawful employment practices state:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . ., because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

### JURY INSTRUCTION NO. 23

The Plaintiff must prove by a preponderance of the evidence that his race, religion, or national origin were motivating factors in Defendant Fort Wayne Acura/Subaru's decision to discharge him from Fort Wayne Acura/Subaru. A motivating factor is something that contributed to Defendant Fort Wayne Acura/Subaru's decision.

If you find that the Plaintiff has proved that his race, religion, or national origin contributed to Defendant Fort Wayne Acura/Subaru's decision to discharge him from Fort Wayne Acura/Subaru, you must then decide whether Defendant Fort Wayne Acura/Subaru proved by a preponderance of the evidence that it would have discharged him from Fort Wayne Acura/Subaru even if the Plaintiff was not of the race, religion, or national origin that he was. If so, you must enter a verdict for the Plaintiff but you may not award him damages.

### JURY INSTRUCTION NO. 24

The Plaintiff claims that Defendant Fort Wayne Toyota/Lexus either directly or constructively discharged him from Fort Wayne Toyota/Lexus for filing a charge of discrimination with the Equal Employment Opportunity Commission against Fort Wayne Acura/Subaru. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant Fort Wayne Toyota/Lexus either directly or constructively discharged him for filing a charge of discrimination with the Equal Employment Opportunity Commission against Fort Wayne Acura/Subaru. To determine that Defendant Fort Wayne Toyota/Lexus either directly or constructively discharged him for filing a charge of discrimination with the Equal Employment Opportunity Commission against Fort Wayne Acura/Subaru, you must decide that Defendant Fort Wayne Toyota/Lexus would not have either directly or constructively discharged the Plaintiff if he had not filed a charge of discrimination with the Equal Employment Opportunity Commission against Fort Wayne Acura/Subaru but everything else was the same.

If you find that the Plaintiff has proved by a preponderance of the evidence each of the things required of him, then you must find for the Plaintiff. However, if you find that the Plaintiff did not prove by a preponderance of the evidence each of the things required of him, then you must find for Defendant Fort Wayne Toyota/Lexus.

## JURY INSTRUCTION NO. 25

To establish constructive discharge, the Plaintiff must prove two things by a preponderance of the evidence:

First, that the Plaintiff quit because Defendant Fort Wayne Toyota/Lexus purposely made his working conditions so intolerable that a reasonable person in his position would have had to quit; and

Second, Defendant Fort Wayne Toyota/Lexus would not have forced him to quit if he had not filed a charge of discrimination with the Equal Employment Opportunity Commission against Fort Wayne Acura/Subaru but everything else was the same.

## JURY INSTRUCTION NO. 26

In deciding the Plaintiff's claims, you should not concern yourselves with whether the Defendants' actions were wise, reasonable, or fair. Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgment. An employer may make those employment decisions as it sees fit, as long as it is not unlawful.

Rather, your concern is only whether the Plaintiff has proved that Defendant Fort Wayne Acura/Subaru discharged him from a Used Car Sales Manager position because of his race, religion, or national origin and whether Defendant Fort Wayne Toyota/Lexus discharged him for filing a charge of discrimination with the Equal Employment Opportunity Commission against Fort Wayne Acura/Subaru.

## JURY INSTRUCTION NO. 27

If you find that the Plaintiff has proved any of his claims against either Defendant, then you must determine what amount of damages, if any, the Plaintiff is entitled to recover. The Plaintiff must prove his damages by a preponderance of the evidence.

If you find that the Plaintiff has failed to prove all of his claims, then you will not consider the question of damages.

## JURY INSTRUCTION NO. 28

You may award compensatory damages only for injuries that the Plaintiff has proved by a preponderance of the evidence were caused by the Defendants' wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include the mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following types of compensatory damages, and no others:

1. The mental and emotional pain and suffering that the Plaintiff has experienced. No evidence of the dollar value of mental or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

2. Other losses, not including lost wages and benefits, which the Plaintiff incurred directly because of the Defendants' wrongful conduct.

## JURY INSTRUCTION NO. 29

The Plaintiff has a duty to mitigate his damages, which means that he must take reasonable actions to reduce his damages. Defendant bears the burden of proving by preponderance of the evidence that the Plaintiff's claim for compensatory damages should be reduced.

If you find that the Plaintiff did not take reasonable actions to reduce his damages, you should reduce any amount you might award the Plaintiff for compensatory damages by the amount that the Plaintiff would have reduced his compensatory damages had he taken reasonable actions in this regard.

## JURY INSTRUCTION NO. 30

If you find for the Plaintiff, you may, but are not required to, assess punitive damages against the liable Defendant or Defendants. The purposes of punitive damages are to punish a defendant for its conduct and to serve as an example or warning to the liable Defendant or Defendants and others not to engage in similar conduct in the future.

The Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against the liable Defendant or Defendants. You may assess punitive damages only if you find that the conduct a Defendant's managerial employees was in reckless disregard of the Plaintiff's rights. An action is in reckless disregard of the Plaintiff's rights if taken with knowledge that it may violate the law.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of a Defendant's conduct;
- the impact of a Defendant's conduct on Plaintiff;
- the relationship between the Plaintiff and a Defendant;
- the likelihood that a Defendant would repeat the conduct if an award of punitive damages is not made;
- Defendant's financial condition;
- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

## JURY INSTRUCTION NO. 31

Upon retiring to the jury room, you will select one of your members to act as your foreperson. The foreperson will preside over your deliberations, and will speak for you here, in Court.

Forms of verdict have been prepared for you. You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, your foreperson will fill in, date, and sign the appropriate form or forms. Then, the foreperson should notify the Court Security Officer that you are ready to return to the courtroom with your verdict.

## JURY INSTRUCTION NO. 32

It is necessary from this time until you are discharged to remain together in a body and in the charge of the officer who will be sworn to attend you. During your deliberations and until you are discharged, you may not communicate with anyone except each other and the officer.

I do not anticipate that you will need to communicate with me. If you do, however, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the Court Security Officer, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

You will note from the oath about to be taken by the court security officers that they, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case

Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

## JURY INSTRUCTION NO. 33

The verdict must represent the considered judgment of each juror. Your verdict must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Don't hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinion of your fellow jurors or for the purpose of returning a unanimous verdict.

You should consider all the evidence fairly and equally and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror. You are impartial judges of the facts.