UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| TRENT L. CHAPIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:06-CV-34-TS |
| | ) | |
| MID-STATES MOTORS, INC. and | ) | |
| FORT-ROHR MOTORS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

On April 20, 2007, the jury in this matter awarded $100,000 in compensatory damages and $1,000,000 in punitive damages to the Plaintiff on his Title VII retaliation claim. Defendant Fort-Rohr Motors d/b/a Fort Wayne Toyota-Lexus (Fort Wayne Toyota) moved for remittitur, arguing that the compensatory damage award is excessive in light of the evidence and that the punitive and compensatory damage award exceeds the cap on damages in 42 U.S.C. § 1981a.

**A.     Appropriate Compensatory and Punitive Damage Award under § 1981a**

Under § 1981a, the sum of compensatory and punitive damages cannot exceed $100,000 for a company such as Fort Wayne Toyota that has between 100 and 200 employees:

> In an action brought by a complaining party under section 706 or 717 of the Civil Rights Act of 1964 [42 U.S.C.A. §§ 2000e-5 or 2000e-16] against a respondent who engaged in unlawful intentional discrimination . . . prohibited under section 703, 704, or 717 of the Act [42 U.S.C.A. §§ 2000e-2, 2000e-3, or 2000e-16], and provided that the complaining party cannot recover under section 1981 of this title, the complaining party may recover compensatory and punitive damages as allowed in subsection (b) of this section, in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964, from the respondent.
>
> . . . .

> The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, for each complaining party— (B) in the case of a respondent who has more than 100 and fewer than 201 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $100,000.

§ 1981a(a)(1); (b)(3)(B). Excluded from the cap are remedies listed in § 2000e-5(g), which includes backpay. § 2000e-5(g).

The Seventh Circuit has noted that there is no prescribed method for adjusting punitive and compensatory damages to an amount within the cap. *Lust v. Sealy, Inc.*, 383 F.3d 580, 589 (7th Cir. 2004). The common method is to cut punitive damages first, and compensatory damages second, until the award is within the cap, *id.*, and this Court will follow that method. Therefore, the jury's award of $100,000 for compensatory damages will be upheld if it is not excessive, and no punitive damages will be awarded. If the compensatory damages award is excessive, the Court will then determine whether a punitive damage award equaling the difference between the compensatory damages award and $100,000 would be excessive.

In determining whether a compensatory damages award is excessive, the relevant inquiries are whether the award is "monstrously excessive," whether the award is rationally connected to the evidence, and whether the award is "roughly comparable" to awards in similar cases. *Lampley v. Onyx Acceptance Corp.*, 340 F.3d 478, 483–84 (7th Cir. 2003). First, the award of $100,000 does not strike the Court as "monstrously excessive." Second, the award is rationally related to the evidence. The Plaintiff submitted evidence that the retaliation directly caused him $98,000 in losses. The jury was entitled to find this evidence credible. Also, the Plaintiff testified that as a result of his termination, he was humiliated and depressed, he lost physical custody of his children, he lived in his car for a short period, he lost his house, he had

difficulty sleeping, and he had stomach pains. Assuming the jury found the Plaintiff's testimony credible regarding his emotional suffering and financial losses, the Plaintiff's evidence is rationally connected to the amount of the award. Finally, the award is roughly similar to that allowed in similar cases. *See id.* at 484–85 (allowing $75,000 award for emotional damages when termination caused lingering stress even though plaintiff found a new job within two months); *Tullis v. Townley Eng'g & Mfg. Co.*, 243 F.3d 1058 (7th Cir. 2001) (upholding $80,185.68 award where no physician or other professional testified, and emotional damages evidence was based only on plaintiff's testimony that he felt degraded and that he suffered financial difficulties).

As a final note, even if the Court found the $100,000 compensatory damages award excessive, the punitive damage award would bring the Plaintiff's total award back up to $100,000. A sizeable punitive damage award would not be unreasonable in this case, in light of the Defendant's taped comments to the Plaintiff ordering him to withdraw his discrimination claim and threatening to terminate him for nonperformance if he did not.

**B.      Plaintiff's Argument for an Award Above the Cap**

The Plaintiff argues that the text of § 1981a(b)(3) does not apply the cap to past monetary losses, because it only applies to "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages." § 1981a(b)(3). The Plaintiff introduced evidence that he suffered a loss of $98,000, not including backpay, because of the Defendant's retaliation, and argues that this amount should be allowed in addition to the amounts covered by the cap.

The Plaintiff does not develop his argument or support it with any persuasive case law. The only case cited by the Plaintiff, *Kramer v. Logan County School Dist.*, 157 F.3d 620, 625–26 (8th Cir. 1998), is not relevant. That case held that front pay was an equitable remedy, not a compensatory damage subject to the cap. The Plaintiff presents no argument that an award compensating him for his past monetary property losses could be considered equitable relief. The Court has found no case supporting the Plaintiff's interpretation.

The Plaintiff's textual argument seems somewhat plausible, but the statute is not clear on the issue. The text of the statute suggests that a Plaintiff is limited to the types of damages listed in §§ 2000e-5 and 1981a(b): "the complaining party may recover compensatory and punitive damages as allowed in subsection (b) of this section, in addition to any relief authorized by section [2000e-5(g)]." This interpretation would mean that if the Plaintiff is claiming he is entitled to damages not included in §§ 2000e-5(g) or 1981a(b), then the damages he claims are not permitted by the statute. On the other hand, § 1981a(b)(2) does not exclude from the definition of compensatory damages any pecuniary loss other than backpay and other relief authorized by § 2000e-5(g).[1]

In any event, even if the Plaintiff's interpretation was correct, this Court will not give the Plaintiff an award for compensatory damages exceeding the cap because now is the wrong time to address the issue. The Plaintiff's testimony as to his damages was disputed, and it is not clear to what extent the jury found his testimony credible. The Plaintiff did not propose instructions or

---

[1] Section 1981a(b)(2) states: "Compensatory damages awarded under this section shall not include backpay, interest on backpay, or any other type of relief authorized under [42 U.S.C.A. § 2000e-5(g)]."

verdict forms distinguishing between compensatory damages consisting of past monetary losses other than backpay and compensatory damages for mental and emotional pain and suffering. This issue was not presented to the Court except in the last paragraph of the Plaintiff's brief opposing remittitur. At this time, there is no way to determine how the jury apportioned its compensatory damage award between pecuniary and nonpecuniary losses, except by speculation. The Court declines to award an amount exceeding the statutory cap based only on speculation.

## ORDER

To the extent the Defendant's motion [DE 59] asks the Court to reduce the jury's award to the statutory cap, the motion is GRANTED, but its motion for remittitur is DENIED.

SO ORDERED on July 25, 2007.

    s/Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT